IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02113-RBJ-BNB

BENAD ABIODUN,

Plaintiff,

v.

ERIC HOLDER, THE ATTORNEY GENERAL OF THE UNITED STATES,

Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on **Defendant's Motion to Dismiss** [Doc. #15, filed 12/212011] (the

"Motion").  I respectfully RECOMMEND that the Motion be GRANTED.  I further

RECOMMEND that the plaintiff be sanctioned for his abusive litigation conduct.

The plaintiff is a citizen and national of Nigeria.  He entered the United States lawfully in

1996.  Abiodun v. Gonzales, 461 F.3d 1210, 1211 (10th Cir. 2006).[1]  He filed an application for

naturalization with the Immigration and Naturalization Service ("INS") in January 2001.  Id. at

1212.

In April 2002, a Colorado convicted the plaintiff on two counts of distribution of a

controlled substance.  Id.  In July 2002, the INS commenced removal proceedings against the

_____

[1]"[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without
converting the motion to dismiss into a motion for summary judgment.  This allows the court to
take judicial notice of its own files and records, as well as facts which are a matter of public
record.  However, the documents may only be considered to show their contents, not to prove the
truth of matters asserted therein."  Tal v. Hogan, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006)
(internal quotations and citations omitted).

plaintiff.  Id.  The Denver District Director of the Bureau of Citizenship and Immigration

Services[2] denied the plaintiff's application for naturalization in October 2004 because of the drug

conviction.  Id.  In May 2005, an immigration judge entered a final order of removal.  Id.  The

Board of Immigration Appeals affirmed the order of removal.  Id. at 1210.  The Tenth Circuit

affirmed the Board's decision on August 30, 2006.  Id. at 1210, 1218.  The plaintiff was removed

from the United States to Nigeria in June 2008.  Abiodun v. Holder, Civil Action No. 09-cv-

00503-ZLW, 2009 WL 1688767 at *1 (D.Colo. June 12, 2009).

     The plaintiff initiated this case by filing a Complaint [Doc. #1] on August 12, 2011.  I

ordered the plaintiff to file proof of service on or before December 12, 2011 [Doc. #3].  On

October 24, 2011, the plaintiff filed a "Submission of Proof of Service Pursuant to Rule 4" [Doc.

#10], which shows that on October 8, 2011, he mailed a copy of the Summons and Complaint to

the Attorney General of the United States, the Civil Process Clerk of the United States

Attorney's Office for the District of Colorado, and the District Director of the Department of

Homeland Security.[3]

     The defendant seeks dismissal of the Complaint for failure to properly serve the

Summons and Complaint.  Motion, pp. 3-4.  Rule 4(i), Fed.R.Civ.P., governs service of the

United States and its officers, and provides in pertinent part:

---

     [2]The INS ceased to exist on March 1, 2003.  Id. at n.1.  Three agencies within the
Department of Homeland Security have taken its place.  Id.  One of these agencies is the Bureau
of Citizenship and Immigration Services.  Id.

     [3]On December 5, 2011, the plaintiff filed a "Motion to Amend Proof of Service" [Doc.
#13].  This document seeks to amend the certificate of service on the District Director of the
Department of Homeland Security.

To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

When service is effected by mail, as here, "only a nonparty can place the summons and complaint in the mail." Constien v. United States, 628 F.3d 1207, 1213 (10th Cir. 2010). The plaintiff has submitted copies of Nigerian postal receipts which show that on October 8, 2011, the plaintiff--as the "Sendor"-- mailed copies of the Summons and Complaint to the Attorney General and the Civil Process Clerk of the United States Attorney's Office for the District of Colorado. *Submission of Proof of Service Pursuant to Rule 4* [Doc. #10], p. 4.

The plaintiff bears the burden of proving that the defendant was properly served. Federal Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992). "When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The well pled facts of the complaint must be accepted as true if uncontroverted by the defendant's affidavits, and factual disputes at this initial stage must be resolved in the plaintiff's favor when the parties present conflicting affidavits." Id. (quotations and citations omitted).

The plaintiff does not dispute the fact that he mailed the Summons and Complaint to the Attorney General and the United States Attorney's Office.  Instead, he argues that the <u>Constein</u> case does not apply to individuals living outside the United States and that "the officials of the Nigerian Postal Services served as the non-party in this matter."  *The Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss* [Doc. #17] (the "Response"), pp. 8-9. These arguments are unconvincing and unsupported by law.[4]  Accordingly, I recommend that the Motion be granted insofar as it seeks dismissal without prejudice of the Complaint for failure to properly serve the Summons and Complaint.

In addition, I recommend that the plaintiff be sanctioned for his abusive litigation conduct.  The plaintiff has filed numerous actions challenging his immigration status and the naturalization and removal proceedings.  All of the cases were filed *pro se*.  The court previously summarized the plaintiff's filings:

> In 2005, Mr. Abiodun filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the denial of his petition for naturalization and what became the final order of removal.  **See Abiodun v. Maurer**, No. 05-cv-00352-WDM-PAC (D. Colo. Mar. 3, 2006).  Mr. Abiodun's claim challenging the denial of his petition for naturalization was dismissed and his claim challenging the final order of removal was transferred to the United States Court of Appeals for the Tenth Circuit as a petition for review of the removal order.  The Tenth Circuit subsequently dismissed the transferred petition for review of the removal order.  **See Abiodun v. Gonzalez**, 217 F. App'x 738 (10th Cir. 2007). The final order of removal was affirmed in a separate action.  **See Abiodun v. Gonzales**, 461 F.3d 1210 (10th Cir. 2006).[5]

---

[4]The plaintiff has not sought an extension of time to effect proper service, nor has he shown good cause for his failure to properly serve the defendant.

[5]The plaintiff filed two other cases in 2005.  On July 25, 2005, he filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  <u>Abiodun v. Ortiz</u>, Civil Action No. 05-cv-

In 2006, Mr. Abiodun filed a civil rights complaint alleging that his rights were violated during the course of the removal proceedings.  **See Abiodun v. Ortiz**, No. 06-cv-02463-ZLW (D. Colo. Dec. 20, 2006).  Case number 06-cv-02463-ZLW was dismissed without prejudice because Mr. Abiodun's claims were barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994).

In 2007, Mr. Abiodun filed another application for a writ of habeas corpus pursuant to § 2241.  **See Abiodun v. Gonzales**, No. 07-cv-00278-MEH-PAC (D. Colo. July 23, 2007), **aff'd sub nom. Abiodun v. Mukasey**, No. 07-1266, 264 F. App'x 726 (10th Cir. 2008).  In 07-cv-00278-MEH-PAC, Mr. Abiodun's claims challenging the denial of his petition for naturalization were dismissed based on res judicata and his claim challenging his allegedly indefinite detention was dismissed because his removal was imminent.

Mr. Abiodun then brought an action against the United States pursuant to the Federal Tort Claims Act based on alleged torts committed by immigration officials during the course of the administrative proceedings regarding his petition for naturalization and the removal proceedings.  **See Abiodun v. United States**, No. 07-cv-01713-ZLW (D. Colo. Sept. 11, 2007), **aff'd sub nom. Abiodun v. Mukasey**, No. 07-1401, 264 F. App'x 726 (10th Cir. 2008).  Case number 07-cv-01713-ZLW was dismissed without prejudice as barred by the rule in **Heck**.

Mr. Abiodun then filed another civil rights action claiming that his rights were violated during the naturalization and removal proceedings, that his continued detention violated his rights, and that immigration officials were retaliating against him for filing administrative claims and lawsuits.  **See Abiodun v. Maurer**, No. 07-cv-02431-WDM-CBS (D. Colo. Aug. 6, 2008).  Mr. Abiodun's

---

01391-ZLW.  The application was dismissed without prejudice on September 14, 2005, because the plaintiff failed to exhaust his state remedies.  The plaintiff filed another application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 15, 2005.  Abiodun v. Maurer, Civil Action No. 05-cv-02305-WDM-PAC.  The plaintiff challenged his conditions of confinement at the Immigration and Customs Enforcement Processing Center, the constitutionality of his 2002 criminal convictions, and the order of removal.  The challenge to the conditions of confinement was dismissed as incognizable in a habeas corpus proceeding.  The challenge to the order of removal was dismissed for lack of jurisdiction.  The challenges to the state convictions were dismissed with prejudice.

claims in 07-cv-02431-WDM-CBS challenging his continued detention and the alleged violations of his rights during the naturalization and removal proceedings were dismissed without prejudice as barred by the rule in **Heck** and his retaliation claim subsequently was dismissed without prejudice for failure to prosecute.[6]

In 2009, Mr. Abiodun filed an application for a writ of habeas corpus challenging the denial of his petition for naturalization and his removal from the United States. ***See Abiodun v. Holder***, No. 09-cv-00[503]-ZLW (D. Colo. Apr. 30, 2008).[7]  That habeas corpus action was dismissed because Mr. Abiodun was not in custody.

Mr. Abiodun then filed another complaint claiming that his rights under the United States Constitution were violated in connection with the denial of his petition for naturalization and the commencement of removal proceedings against him. **See Abiodun v. Holder**, No. 09-cv-01900-ZLW (D. Colo. Nov. 19, 2009).  Mr. Abiodun's claims for damages in 09-cv-01900-ZLW were dismissed as barred by the rule in **Heck**.  To the extent Mr. Abiodun sought other relief in 09-cv-01900-ZLW that challenged the denial of his petition for naturalization or removal from the United States, the claims were dismissed because they had been addressed on the merits in prior cases and could not be raised again.

In 2010, Mr. Abiodun filed a complaint under the Administrative Procedure Act challenging his removal from the United States and the denial of his petition for naturalization. **See Abiodun v. Holder**, No. 10-cv-00599-ZLW (D. Colo. Mar. 19, 2010).  Mr. Abiodun's claims in 10-cv-00599-ZLW were dismissed as legally frivolous and malicious.

---

[6]The plaintiff also filed a civil action against Jefferson county on December 17, 2007. Abiodun v. Jefferson County, Civil Action No. 07-cv-02699-ZLW.  He contended that his state criminal convictions violated his constitutional rights.  The case was dismissed as legally frivolous.

[7]The order mistakenly refers to the civil action as No. 09-cv-00599-ZLW instead of No. 09-cv-00503-ZLW.

In dismissing the plaintiff's 2010 action as legally frivolous and malicious, the court stated:

> Despite the fact that Mr. Abiodun is asserting his claims pursuant to statutory authority that he has not specifically raised in a prior action, the Court finds that the APA claims are legally frivolous and malicious because the substance of those claims have been addressed on the merits in his prior actions and may not be raised again.  In particular, Mr. Abiodun's claim that "immigration officials did not fairly adjudicate his petition for naturalization . . . has already been raised and decided against Abiodun at least twice," and, "[t]o the extent Abiodun relies on his naturalization argument to challenge the final order of removal against him, we note that the removal issue has already been determined adversely to him." **Abiodun v. Mukasey**, 264 F. App'x at 728.  Regarding the final order of removal, that order was affirmed in **Abiodun v. Gonzales**, 461 F.3d 1210 (10th Cir. 2006).  **See also Abiodun**, 217 F. App'x at 741-42 (dismissing successive petition for review of final order of removal because claims had been addressed previously).  Therefore, the Court finds that the Complaint is legally frivolous because Mr. Abiodun fails to assert facts that support an arguable claim.  The Complaint is malicious because the substance of the claims Mr. Abiodun is raising have been found to lack merit in his prior actions.  Mr. Abiodun is warned that the Court will impose appropriate sanctions if he persists in filing new actions raising repetitive claims.

Despite the court's warning, on December 6, 2010, the plaintiff filed another application for a writ of habeas corpus challenging the denial of his petition for naturalization and his removal from the United States.  Abiodun v. Holder, No. 10-cv-02954-ZLW.  As with Abiodun v. Holder, Civil Action No. 09-cv-00503-ZLW (D. Colo. Apr. 30, 2009), the action was dismissed because the plaintiff was not in custody for purposes of habeas corpus relief.

Undaunted, the plaintiff filed the civil Complaint at issue here.  He challenges: (1) the denial of his application for naturalization; (2) the fact and length of his detention pending removal; (3) his order of removal and his removal; and (4) his state criminal conviction.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is not constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989) (internal citation omitted).  "No one, rich or poor, is entitled to abuse the judicial process."  Id.

"A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents."  Id. at 352.  "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  Id.

The restrictions placed on a litigant must be carefully tailored to assist the court "in curbing the particular abusive behavior involved."  Id. at 352.  "Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented."  Keyter v. 535 Members of 110th Congress, 277 Fed.Appx. 825, 827, 2008 WL 2037619, at *1 (10th Cir. May 13, 2008) (citing Tripati, 878 F.2d at 353-54).

The plaintiff has filed a total of 13 cases in this court.  He has repeatedly challenged the denial of his petition for naturalization, the fact and length of his detention pending removal, the order of removal, and his removal despite being told that the claims are barred by Heck and *res judicata* and that they are repetitive, frivolous, and malicious.  Moreover, the plaintiff filed two actions raising these claims after being warned that sanctions would be imposed if he persisted in filing new actions raising repetitive claims.  The plaintiff's abusive filing behavior warrants the imposition of filing restrictions.

I recommend the following restrictions:[8]

1.   The plaintiff shall not file any new actions in this court unless represented by a licensed attorney admitted to practice in the District of Colorado or unless he has obtained permission from the court to proceed *pro se*.  In order to obtain permission to proceed *pro se*, the plaintiff must:

a.   File with the Clerk of the Court a motion titled "Motion Pursuant to Court Order Seeking Leave to File a *Pro Se* Action" requesting leave to file a *pro se* case;

b.   Include in the motion a list of all currently pending or previously filed proceedings by case name, number, and citation which concern the denial of his petition for naturalization, the fact and length of his detention pending removal, the order of removal, and his removal;

c.   Identify in the motion the legal issues raised in the new case; whether the issues have been raised in other proceedings in this court; and if so, the case number and docket number where the issues were raised; and

d.   File with the motion a notarized affidavit, in proper legal form, which certifies that the legal arguments being raised are not frivolous or made in bad faith; they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and the case is not being filed for any improper purpose.

2.   If the plaintiff files a *pro se* action without permission of the court, it shall be summarily dismissed.

---

[8]See Smith v. Anderson, Civil Action No. 09-cv-01018-PAB, 2009 WL 4035902, at *4-5 (D.Colo. November 19, 2009) (setting forth filing restrictions); Smith v. Krieger, 389 Fed.Appx. 789, 798-800, 2010 WL 2912186, at *7-8 (10th Cir. July 27, 2010) (approving the restrictions imposed in Smith v. Anderson).  See also Werner v. State of Utah, 32 F.3d 1446, 1449 (10th Cir. 1994).

I respectfully RECOMMEND:

1.   Defendant's Motion to Dismiss [Doc. #15] be GRANTED and that the Complaint be DISMISSED WITHOUT PREJUDICE for failure to effect proper service on the defendant; and

2.   Filing restrictions be imposed on the plaintiff consistent with this Recommendation.

Ordinarily, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of a recommendation to serve and file specific, written objections. However, in this case the plaintiff resides in Nigeria, and greater time is warranted

IT IS ORDERED that the parties shall have 21 days after service of this recommendation to file his objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 9, 2012.

BY THE COURT:

 s/ Boyd N. Boland                         
United States Magistrate Judge